[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2011
JOHN LEY
CLERK

No. 11-11776
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-02381-LSC


CARRI CARROLL,

Plaintiff - Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 12, 2011)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Carri Carroll appeals the district court's order denying her motion to remand based on new evidence and affirming the denial of disability insurance benefits. She contends that remand is necessary to allow the Social Security Administration's (SSA) Appeals Council to consider evidence of a later decision finding Carroll disabled. Carroll further asserts that the Administrative Law Judge (ALJ) failed to state adequate reasons for finding that neither she nor her physician Dr. Farrukh Jamil were credible and that the ALJ's credibility determination was not supported by substantial evidence. Last, Carroll claims that the hypothetical questions posed to the vocational expert (VE) at her hearing were improper and led to an erroneous finding that she could perform medium work. After thorough review, we affirm.

I.

On November 16, 2006, Carroll submitted an application for disability insurance benefits. She alleged that beginning August 9, 2002, she was disabled due to multiple psychological and physical afflictions. Her claim was initially denied on March 13, 2007. Carroll then requested and was granted a hearing before an ALJ, which took place on April 24, 2009. Carroll testified, and records

of her past psychological evaluations were introduced into evidence.[1] Ultimately, the ALJ denied benefits and specifically stated that the finding of no disability covered the period from Carroll's alleged onset date of August 9, 2002, through the date she was last insured, December 31, 2007.[2] After the Appeals Council denied review, Carroll filed a complaint for judicial review in federal district court.

While her case was pending in district court, Carroll filed a motion to remand to the Appeals Council pursuant to sentence six of 42 U.S.C. § 405(g), stating that new, material evidence warranted reconsideration of the denial of benefits. Carroll attached a copy of an SSA decision dated January 12, 2010, in which the SSA found Carroll disabled beginning June 22, 2009. The district court denied the motion to remand and affirmed the denial of benefits.

## II.

Carroll first challenges the district court's denial of her motion to remand

---

[1]These include the records of Dr. A. Bartow Ray, Jr., a clinical psychologist who saw Carroll in November 2005; Jack Bentley, Jr., a psychologist who examined Carroll in February 2007; Dr. Robert Estock, who submitted an opinion on Carroll in March 2007; and Dr. Farrukh Jamil, who treated Carroll beginning in January 2008.

[2]The district court's order slightly misstated the relevant time period for which benefits were denied. That order characterized the original eligibility determination as extending until June 15, 2009 (the date the administrative law judge entered his order denying benefits). The administrative record, however, clearly reflects that eligibility was determined only up to the date last insured, December 31, 2007.

pursuant to 42 U.S.C. § 405(g). She contends that remand is necessary to resolve an alleged discrepancy between the denial she now appeals and a new judgment by the SSA that entitles her to benefits. The latter judgment declared Carroll eligible for benefits beginning June 22, 2009, while the former denial covered the period from August 9, 2002 until December 31, 2007. We review *de novo* whether remand is necessary based on new evidence. *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).

The sixth sentence of § 405(g) states:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is *new evidence which is material* and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g) (emphasis added). Evidence is irrelevant and immaterial when it relates to a time period after the eligibility determination at issue. *See Wilson v. Apfel*, 179 F.3d 1276, 1278–79 (11th Cir. 1999) (per curiam) (explaining that a medical opinion given one year after the denial of benefits "may be relevant to whether a deterioration in [the claimant's] condition subsequently entitled her to benefits" but is not probative to the issue of eligibility during the time period for which benefits were denied).

The judgment entitling Carroll to benefits starting June 22, 2009 is new

4

evidence that was unavailable at the prior proceeding. Furthermore, there is good cause for not having this evidence at the prior proceeding, as the favorable judgment had not yet been rendered when the first claim for disability benefits was being considered. However, based on the time between decisions, and based on Carroll's failure to produce any additional evidence apart from the favorable decision itself, that judgment alone is not material to the instant case. There is no inconsistency between the eligibility determinations; the subsequent decision merely shows that Carroll's health deteriorated within the nearly year-and-a-half period between the eligibility decisions.

Carroll also challenges the district court's denial by asserting that it is a deviation from agency procedures outlined in the SSA's Hearings, Appeals, and Litigation Law Manual (HALLEX). Carroll's reliance on HALLEX to support her claim for remand is misplaced. We have held that the sixth sentence of § 405(g) "provides the *sole means* for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007) (emphasis added). HALLEX is an agency handbook for the SSA not mentioned in § 405(g), so it cannot serve as the basis to remand Carroll's case. Moreover, we have held that an agency's violation of its own governing rules must result in prejudice

before we will remand to the agency for compliance. *See Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. Unit A Sept. 1981) (per curiam).[3] As discussed above, the new judgment granting benefits for a completely different time period was immaterial to the prior judgment. The agency's failure to consider the subsequent favorable decision thus resulted in no prejudice.

### III.

Carroll next challenges the ALJ's finding that both she and Dr. Jamil, her treating physician at the time of the hearing, were not credible. We address each individually.

Generally, the opinions of examining or treating physicians are given more weight than nonexamining or nontreating physicians unless "good cause" is shown. *See* 20 C.F.R. § 404.1527(d)(1), (2); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists to discredit a physician's testimony when a physician's opinion is conclusory, contrary to or unsupported by the record evidence, or inconsistent with the physician's own medical records. *Lewis*, 125 F.3d at 1440. The ALJ may "reject the opinion of any physician when the evidence supports a contrary conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(11th Cir. 1985) (per curiam) (citation and quotation marks omitted). Where an ALJ articulates specific reasons for declining to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (per curiam).

The ALJ provided many reasons to discredit Dr. Jamil's testimony. First, Dr. Jamil does not appear to have been Carroll's treating physician until January 17, 2008[4]—after the last date insured. Dr. Jamil's opinion finding Carroll permanently disabled was issued on June 6, 2008, and did not show any treatment or conclusion of disability during the eligibility period at issue here. Dr. Jamil's medical records do not reflect that he conducted any psychological tests during his treatment of Carroll, much less any that could retrospectively establish her disability. Moreover, Dr. Jamil's own medical records reflect that Carroll's global assessment of function (GAF) was 56, 60, and 58 for her first three visits, each of which indicate only moderate psychological symptoms. Based on the record, substantial evidence supports the ALJ's decision to accord little weight to Dr. Jamil's conclusion that Carroll is permanently disabled. Because the ALJ touched

_____

[4]Although Dr. Jamil wrote on his questionnaire that he first saw Carroll on October 23, 2007, medical records do not reflect any visit or treatment until January 17, 2008.

on each of these reasons, we find that he properly stated the justification for rejecting Dr. Jamil's opinion.

When a claimant attempts to establish disability through her own testimony concerning pain or other subjective symptoms, the claimant must satisfy two parts of a three-part "pain standard," which requires (1) evidence of an underlying medical condition and (2) either (A) objective medical evidence that confirms the severity of the alleged pain stemming from that condition or (B) that the objectively determined medical condition can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam) (citation omitted). The ALJ must explicitly and adequately articulate his reasons if he discredits critical subjective testimony. *Id.* "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam) (citation omitted).

Here, substantial evidence supports the ALJ's finding that Carroll's testimony was not credible to the extent it exceeded the residual functional

8

capacity assessment (RFC). Carroll's testimony that she hallucinated, heard things, felt extreme anger, and entertained suicidal and homicidal thoughts exceeded (and was more severe than) the documentary evidence. At least two of Carroll's doctors noted that during treatment Carroll denied ever having hallucinations or suicidal thoughts. Moreover, her testimony is inconsistent with evidence from the evaluating psychologists, who found that she exhibited only moderate psychological symptoms. Based on the documentary evidence in the record, substantial evidence supports the ALJ's conclusion to discredit Carroll's testimony. We also find that the ALJ sufficiently articulated these reasons underlying his finding.

IV.

Carroll next argues that substantial evidence does not support the finding that she can perform medium work because the VE based his determination on an improper hypothetical question.

The Social Security Regulations outline a five-step process used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). If at any step a disability determination or decision can be made, the inquiry need not proceed further. *Id.* Under the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.*

9

§ 404.1520(a)(4)(i). At step two, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). Third, the ALJ must determine whether the claimant's impairment meets or equals the criteria contained in one of the Listings of Impairments. *Id.* § 404.1520(a)(4)(iii). Fourth, if the claimant cannot meet the criteria, the claimant's RFC is assessed, and the ALJ must determine if she has an impairment that prevents her from performing her past relevant work. *Id.* § 404.1520(a)(4)(iv). Fifth, once a claimant establishes that she cannot perform her past relevant work due to some severe impairment, the ALJ must determine whether significant numbers of jobs exist in the national economy that the claimant can perform. *Id.* § 404.1520(a)(4)(v). In this appeal, we are concerned only with this final step.

One manner of determining the step-five inquiry is for the ALJ to ask a VE a series of hypothetical questions "to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). We will affirm if the ALJ's finding that other work exists is supported by substantial evidence. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) (per curiam). For a VE's answer to a hypothetical question to

constitute substantial evidence, the question must encompass all of the claimant's mental and physical impairments. *Phillips*, 357 F.3d at 1240 n.7. However, the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam).

To begin, the VE was asked hypothetical questions that incorporated the mental and emotional RFC determinations that were supported by record evidence. The ALJ properly excluded from the hypothetical questions Carroll's subjective symptoms that exceeded the RFC determination. *See id.* After reviewing all of the hypothetical questions, we find that the ALJ properly posed hypothetical questions that were supported by record evidence. The evidence as a whole, including that elicited from the VE, supports the ALJ's finding that Carroll could perform a range of medium work that was present in the economy in significant numbers.

In conclusion, we find that remand is not necessary in light of the recent decision that Carroll is entitled to benefits. The ALJ properly weighed the testimony of both Carroll and Dr. Jamil. Finally, the hypothetical questions posed to the VE were proper, as they included the symptoms from the RFC determinations.

**AFFIRMED.**