[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17116
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-01328-DNF

DENISE M. WOMBLE,

                                                        Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 30, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Denise Womble appeals the magistrate judge's order affirming the Commissioner of Social Security's ("the Commissioner") decision denying her application for a period of disability and disability insurance benefits.  On appeal, she argues that substantial evidence did not support the Administrative Law Judge's ("ALJ") decision to assign minimal weight to the opinions of her treating physicians.  She also asserts that the ALJ failed to properly consider her irritable bowel syndrome ("IBS") and hand tremors.  After careful review, we affirm.

I.    **BACKGROUND**

In 2011, Womble filed an application for a period of disability and disability insurance benefits with the Social Security Administration.  Alleging a disability onset date of July 23, 2008, she represented that she was disabled and unable to work due to a back injury, lupus, hypertension, asthma, IBS, and thyroid problems. The Commissioner denied Womble's application for benefits upon initial review and reconsideration.

At a subsequent hearing before the ALJ, Womble testified that she stopped working as a glass installer in 2008 because the job required her to lift, bend, and twist.  Her back pain was the main reason she had stopped working.  She had tried physical therapy and surgery was not an option, as she would not survive an operation due to her underlying problems.  She had also developed a tremor in her right hand which causes her to spill things.  She testified that her IBS flares up two

2

to three times per week, and when she has an episode, she needs to use the bathroom every 15 to 20 minutes for about an hour.

The ALJ also heard testimony from a vocational expert.  The vocational expert opined that Womble would not be able to perform her past relevant work as a glass installer if she were limited to light work with minimal exposure to irritants such as perfumes, odors, and gases.  However, the jobs of a merchandise marker or an inspector met the requirements of light work with limited exposure to environmental irritants.  The vocational expert further opined that if a hypothetical person were limited to sedentary work with the same environmental restrictions, the person could work in clerical support, as an inspector, or as an assembler.  If the person required semiskilled to unskilled work with a sit/stand option, the vocational expert stated that the person could perform work as an office helper, an inspector, or a general clerk.

Following the hearing, the ALJ issued a decision, concluding that Womble was not disabled for purposes of establishing eligibility for a period of disability or disability insurance benefits.  Upon review of the record evidence, the ALJ determined that Womble's back disorder was a severe impairment.  The ALJ noted that although Womble had alleged several other impairments and ailments, the medical evidence did not establish that her complaints pertaining to lupus, hypertension, asthma, or IBS were medically determinable and/or severe

3

impairments.  The ALJ next determined that Womble did not have an impairment

or combination of impairments that met or equaled any of the listed impairments in

the Social Security Administration regulations.

The ALJ further concluded that Womble had the residual functional capacity

to perform light work with the additional restriction of avoiding excessive

exposure to fumes, gases, chemicals, and perfumes.  The ALJ reviewed the

medical evidence, including the opinions of Womble's treating physicians Dr.

Andrew Fine and Dr. Rickey Wiseman, who both opined that Womble was

disabled—as well as the opinion of the state agency medical consultant who

determined that Womble could perform light work.  The ALJ assigned little weight

to the opinions of Drs. Fine and Wiseman, concluding that the opinions were not

supported by the medical record and were based primarily on Womble's subjective

complaints.

In light of Womble's assessed residual functional capacity, the ALJ

determined that Womble could not perform her past relevant work installing glass.

Nevertheless, based on her residual functional capacity, in conjunction with the

vocational expert's testimony that Womble could perform work as an office helper,

merchandise marker, or inspector, the ALJ concluded that work existed in the

national economy that Womble could perform.  Accordingly, the ALJ concluded

4

that Womble was not disabled.  The Appeals Council denied Womble's request for review.

In 2015, Womble, represented by counsel, filed a complaint in district court challenging the ALJ's denial of benefits.  She argued in relevant part that the ALJ failed to articulate good cause for assigning less weight to the opinions of her treating physicians.  She also argued that the ALJ erred by minimizing the severity of her IBS and hand tremors.

Based on the consent of the parties, the case was assigned to a magistrate judge.  The magistrate judge affirmed the Commissioner's denial of a period of disability and disability insurance benefits and this appeal followed.

## II.    **DISCUSSION**

### A.    **General Principles**

We review the ALJ's decision for substantial evidence, but its application of legal principles *de novo*.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotations omitted).  We may not reweigh the evidence and decide the facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

5

To determine whether a claimant is disabled, the ALJ must complete a five-step sequential evaluation process. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The claimant has the burden to prove that (1) she "has not engaged in substantial gainful activity," (2) she "has a severe impairment or combination of impairments," and (3) her "impairment or combination of impairments meets or equals a listed impairment" such that she is entitled to an automatic finding of disability. *Id.* If the claimant is not able to meet or equal the criteria for a listed impairment, she must proceed to the fourth step, which requires showing that she is unable to do her past relevant work. *Id.* "At the fifth step, the burden shifts to the Commissioner to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform." *Id.* If the Commissioner demonstrates that there are jobs that the claimant can perform, the claimant must show that she is unable to perform those jobs in order to establish that she is disabled. *Id.*

### B.    Weight Assigned to Opinions of Womble's Treating Physicians

Womble argues that the ALJ failed to articulate good cause for discrediting the opinions of her treating physicians, Drs. Fine and Wiseman, who opined that she was unable to work due to the severity of her back impairment.

When evaluating the medical opinion evidence, the ALJ must give the opinion of a treating physician "substantial or considerable weight" unless there is

good cause not to do so.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quotations omitted); 20 C.F.R. § 404.1527(c)(2) (stating that the opinion of a treating physician will be given controlling weight if it is supported by medically acceptable and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record).  A treating source is defined as "[the claimant's] own acceptable medical source who provides [the claimant] . . . with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]."  20 C.F.R. § 404.1527(a)(2).

We have nevertheless concluded that good cause exists for affording less weight to a treating physician's opinion when: "(1) [that] opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).  If the ALJ chooses to assign less weight to a treating physician's opinion, however, he must clearly articulate his reasons for doing so.  *Id.*

Womble's medical record includes a treatment note from Dr. Fine, a neurosurgeon, dated April 27, 2012, in which he stated that Womble was not able to sit or stand for more than 15 minutes at a time without changing positions, "mak[ing] her a poor candidate for pursuit of a new job."  On the same day, Dr. Fine completed a medical source statement, in which he noted Womble's lumbar

spondylolisthesis and drop foot diagnoses and opined that she could only sit one hour per eight-hour day and stand/walk one hour per eight-hour day. Womble's internist, Dr. Wiseman, completed a medical source statement on December 17, 2012, in which he opined that Womble could only sit for one hour per day and stand/walk one hour per day. Further, she needed to lie down for six hours per day. In a letter dated November 6, 2013, Dr. Wiseman stated that several conditions, including Womble's degenerative back disease and IBS "cause severe disability and preclude her ability to work in any meaningful way." The ALJ discredited the opinions of Drs. Fine and Wiseman because the opinions were not supported by the objective medical evidence, were rendered after significant gaps in treatment, and contradicted the doctors own treatment notes.

Neither party contests that Dr. Fine and Dr. Wiseman are Womble's treating physicians. Therefore, their opinions are entitled to controlling weight unless good cause exists for not assigning the opinions considerable weight. *See Winschel*, 631 F.3d at 1179. We conclude that substantial evidence supports the ALJ's articulation of good cause for discrediting these opinions because they were not supported by the doctors' own treatment notes, the objective medical evidence, and appear to have been based primarily on Womble's subjective complaints.

Specifically, Dr. Fine's opinion was not supported by his own treatment notes given Womble's conservative and relatively infrequent treatment. Prior to

8

rendering his opinion regarding Womble's limitations in April 2012, Dr. Fine had treated Womble for her back disorder only two times in 2008, once in January 2012, and once in April 2012.  In fact, in a treatment note dated January 24, 2012, Dr. Fine stated that he was seeing Womble for the first time in three-and-a-half years.  On the same day that Dr. Fine completed the medical source statement opining that Womble was so disabled that she could not even perform sedentary work, he did not schedule a follow-up appointment for another ten weeks.

Dr. Wiseman's opinion regarding Womble's limitations is likewise not supported by his own treatment notes.  Although Dr. Wiseman saw Womble for a variety of ailments, including rosacea, IBS, and drop foot, he never treated her back pain.  Therefore, his opinion that Womble was disabled due to her degenerative back disease appears to have been based on Womble's subjective complaints, which the ALJ found not credible.  *See Crawford*, 363 F.3d at 1159 (concluding that substantial evidence supported the ALJ's decision to discount treating physician's opinion in part because it was based primarily on the claimant's subjective complaints).

Womble's argument that the ALJ improperly focused on the lack of treatment records is unavailing.  The record clearly shows that Womble had a three-and-a-half year gap in treatment by Dr. Fine, and that Dr. Wiseman did not treat Womble for her back pain.  Further, although the record shows that Womble

9

saw Dr. Robert Kuskin, a chiropractor, between 2009 and 2011, Dr. Kushkin's treatment notes do not support Dr. Wiseman's opinion that Womble needed to rest or lay down for six hours per day.

The ALJ's decision to give little weight to Dr. Fine's and Dr. Wiseman's opinions is also supported by other evidence in the record. Despite concluding that Womble was disabled and could sit for only one hour and stand/walk for only one hour per eight-hour day, Womble was routinely prescribed physical therapy rather than surgery. Moreover, the records showed that physical therapy, at times, had improved Womble's function and reduced her pain.

Further, Womble's MRI in December 2011 showed grade I spondylolisthesis and disc bulges. Yet, an examination that same month revealed that her lumbar spine range of motion was mostly within normal limits, she scored 5/5 on almost all of the lower extremity muscle testing, and her straight leg raise testing came back positive only on the right. In June 2012, Womble continued to exhibit full muscle strength and was able to heel or toe walk and tandem walk without difficulty. Additionally, Dr. Fine based his opinion regarding Womble's limitations in part on her drop foot diagnosis. However, Dr. Kyle Ruffing, a neurologist, concluded in June 2012 that Womble's complaint of drop foot was "not clinically evident."

Womble argues that the ALJ's failure to recognize her spondylolisthesis diagnosis led to the improper discrediting of Dr. Fine's opinion.  We disagree. Although the ALJ did not explicitly refer to the spondylolisthesis diagnosis, the ALJ's finding that Womble had a severe back impairment accounted for that diagnosis.  Moreover, the ALJ considered both Dr. Fine's and Dr. Wiseman's opinions, which referred to the spondylolisthesis diagnosis.  In short, the ALJ did not discredit those opinions based on her failure to recognize Womble's diagnosis. Instead, she discredited them because the record did not support the degree of limitation opined by those doctors.

Because good cause existed for discounting the opinions of Drs. Fine and Wiseman, substantial evidence supports the ALJ's decision to assign those opinions less weight. *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (2015) ("We will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a special justification for it.").

## C.    The ALJ's Analysis of Womble's IBS and Hand Tremors

Finally, Womble argues that the ALJ failed to properly analyze the severity of her IBS and hand tremors.  Though somewhat unclear, we interpret Womble to argue that the ALJ erred (1) by finding that her IBS was not a medically determinable impairment, and (2) by failing to account for her IBS and hand

11

tremors in the residual functional capacity determination. Steps two and four of the sequential evaluation process for determining whether a claimant is disabled are relevant to Womble's arguments.

At step two, the ALJ must consider the severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c). At step four, the ALJ considers whether the claimant can do her past relevant work based on the ALJ's assessment of her residual functional capacity. 20 C.F.R. § 404.1520(a)(4)(iv). "[R]esidual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In determining a claimant's residual functional capacity, the ALJ considers all of a claimant's medically determinable impairments, even those that are not considered severe. 20 C.F.R. § 404.1545(a).

Womble first argues that the ALJ erred at step two by determining that her IBS was not a medically determinable impairment. We read the record differently, however. In her decision, the ALJ stated that Womble had alleged that she frequently needed to use the bathroom, but although the record contained an assessment of IBS, it did not contain any treatment or resulting limitations. The

12

ALJ then explained that an impairment is not severe "when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." Contrary to Womble's contentions, we interpret the ALJ's statements to mean that she found Womble's IBS not to be a severe impairment, and not that the impairment was not medically determinable.

We are also unpersuaded by Womble's argument that the ALJ failed to consider her IBS and hand tremors in the residual functional capacity determination. In making that determination, the ALJ noted Womble's testimony pertaining to the effects of her IBS and stated that she had considered the entire record. Moreover, nothing in the record suggests that Womble's IBS caused any functional limitations in her ability to work apart from some abdominal cramping, bloating, and "on-and-off diarrhea" with constipation. *Cf. Moore*, 405 F.3d at 1213 n.6 ("[T]he mere existence of . . . impairments does not reveal the extent to which they limit [a claimant's] ability to work or undermine the ALJ's determination in that regard.").

Finally, Womble takes issue with the ALJ's failure to mention her hand tremors. However, the ALJ is not required to refer to every piece of evidence in her decision, so long as the record shows that the ALJ considered the claimant's condition as a whole. *See Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780,

782 (11th Cir. 2014); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence. . . ."). Further, the record did not contain any evidence showing that the hand tremors caused any limitations in Womble's ability to work. In fact, in a March 2013 treatment note, Dr. Wiseman concluded that the hand tremor presented no "major problem." Thus, Womble cannot show that the ALJ committed reversible error by failing to mention her hand tremors. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving that [she] is disabled.").

## III.    CONCLUSION

For all of the above reasons, we affirm the magistrate judge's order affirming the Commissioner's denial of Womble's application for a period of disability and disability insurance benefits.

**AFFIRMED.**