United States Court of Appeals,

Eleventh Circuit.

No. 94-6265

Non-Argument Calendar.

BLACK DIAMOND COAL MINING COMPANY, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR;   Edna Marcum (Widow of Herman T. Marcum), Respondents.

Sept. 25, 1996.

Petition for Review of an Order of the Benefits Review Board. (Benefits Review Board No. 92-0781-BLA).

Before ANDERSON, COX and BIRCH, Circuit Judges.

PER CURIAM:

Black Diamond Coal Mining Company ("Black Diamond") appeals the decision of the Benefits Review Board ("BRB") awarding disability benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 to 945 (1994) ("the Act"), and its accompanying regulations. *See* 20 C.F.R. pt. 718 (1996).  The sole issue on appeal is whether Herman Marcum's total pulmonary disability was due to pneumoconiosis.  Because the BRB did not apply the proper causation standard, we vacate and remand.

## I. Background

Herman Marcum, an Alabama coal miner last employed by Black Diamond, filed a claim for black lung disability benefits on November 25, 1980.  The Office of Workers Compensation Programs ("OWCP") within the Department of Labor made an initial determination that Marcum was entitled to benefits.  Black Diamond, the coal mine operator responsible for the payment of Marcum's

benefits under the Act, requested a hearing before an Administrative Law Judge ("ALJ"). Herman Marcum died on May 27, 1985, one month before the hearing. He was survived by his wife Edna, who has since prosecuted his claim for benefits, as well as a claim for survivor's benefits.

At the hearing, evidence was proffered by Marcum, Black Diamond, and the Director of OWCP ("the Director"), who appeared as a party in interest on behalf of Marcum. The evidence included reports and letters from four physicians who examined Herman Marcum before his death: Dr. Russakoff, Dr. Shelton, Dr. Branscomb, and Dr. Hood. Dr. Russakoff examined Marcum in January 1991, and concluded that Marcum's pulmonary disability might be due to his coal mine exposure. Dr. Russakoff's 1981 report was based on the assumption that Marcum did not have a significant smoking history. In a letter written in 1985, Dr. Russakoff admitted that he had overlooked Marcum's history of bronchial asthma in his 1981 report. Dr. Russakoff concluded in the 1985 letter that, assuming Marcum smoked a pack of cigarettes a day for 28 years, the miner's lung disease probably had little to do with his coal mine employment. Black Diamond attempted to introduce Dr. Russakoff's 1985 letter at the hearing, but the ALJ excluded it on the grounds that Black Diamond failed to give Marcum timely notice of intent to introduce the letter.

Dr. Shelton, who examined Marcum in May 1981, concluded that Marcum's respiratory difficulty was due to asthma, but that his chest x-rays were consistent with inhalation lung disease. Dr. Branscomb examined Marcum in June 1982, and his medical history of

Marcum indicates that Marcum daily smoked a pack of cigarettes from ages 20 to 56. Dr. Branscomb concluded that 30% of Marcum's pulmonary disability was due to occupational exposure.

Dr. Hood was Marcum's treating physician from 1980 until his death in 1985. In a letter written shortly after Marcum's death, Dr. Hood stated that Marcum's pneumoconiosis, as well as other complications, had rendered the miner totally disabled. Dr. Hood's letter was excluded by the ALJ on procedural grounds.

The ALJ awarded benefits based in part on the finding that Marcum was totally disabled due to pneumoconiosis. Black Diamond appealed to the Benefits Review Board ("BRB"). The BRB reversed and remanded for reconsideration of several issues, including total disability and causation.

On remand, the ALJ followed *Wilburn v. Director, OWCP,* 11 Black Lung Reporter (B.L.R.) 1-135, 1-137 (Ben.Rev.Bd.1988), and applied the causation standard that a total pulmonary disability is due to pneumoconiosis when the pneumoconiosis, in and of itself, causes the disability. The ALJ denied benefits based on the conclusion that, although Marcum established a total pulmonary disability, he did not establish causation under the *Wilburn* standard. After the ALJ's decision, this court held in *Lollar v. Alabama By-Products Corp.,* 893 F.2d 1258, 1265 (11th Cir.1990), that a total pulmonary disability is due to pneumoconiosis if the pneumoconiosis substantially contributes to the pulmonary disability. Marcum appealed the ALJ's decision, and the BRB reversed and remanded in light of *Lollar.*

Following the second remand,[1] the ALJ concluded that Marcum failed to show that his pneumoconiosis substantially contributed to his total pulmonary disability. In making this determination, the ALJ relied on Dr. Russakoff's 1985 report and Dr. Hood's report, which had been marked for identification purposes, but were not formally in the record. Marcum appealed the ALJ's decision to the BRB. The BRB read *Lollar* to hold that only a showing that pneumoconiosis played an infinitesimal or de minimis part in the miner's total pulmonary disability would preclude a finding of causation. The BRB found that the medical evidence in the record satisfied the *Lollar* standard, and awarded benefits. Black Diamond filed this appeal.

## II. Jurisdiction

During the pendency of this appeal, the Director filed an Application for an Order to Show Cause why Black Diamond's Petition for Review Should not be Dismissed for Lack of Jurisdiction, which we construe as a motion to dismiss for lack of jurisdiction. The Director states that Black Diamond, formerly an Alabama corporation, has been dissolved, and Black Diamond's benefits trust has been depleted. The Director contends that this appeal is moot because the court is powerless to grant Marcum meaningful relief. If the Director is correct, then we lack jurisdiction to decide this case. *See Pacific Ins. Co. v. General Dev. Corp.,* 28 F.3d 1093, 1096 (11th Cir.1994). But the Director acknowledges that before Black Diamond was dissolved, its coal mining assets were

---

[1] On both remands, Marcum's case was heard by a different ALJ than the one who conducted the hearing.

sold to Costain Coal, Inc. ("Costain"), and that Costain may be liable as a successor operator under the Act. *See* 30 U.S.C. § 932(i)(1) (providing for successor operator liability). If Marcum establishes a claim for benefits against Black Diamond, she may then demonstrate that Costain is liable and obtain meaningful relief in spite of Black Diamond's dissolution. Because meaningful relief may still be available to Marcum in the form of a claim against Costain, this appeal is not moot, and we have jurisdiction.[2]

## III. Standard of Review

Whether a miner's total pulmonary disability is "due to" pneumoconiosis within the meaning of 20 C.F.R. § 718.204 is a mixed question of law and fact. The ALJ's factual findings are entitled to great deference, and they are to be upheld if they are supported by substantial evidence. *Lollar,* 893 F.2d at 1261 & n. 4. Substantial evidence is "more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1262 (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). To the extent that the BRB's factual conclusions differ from the ALJ's, we owe them no deference. *Id.* at 1261 n. 4.

Courts generally owe deference to an agency policymaker's interpretation of the agency's own regulation, but neither the ALJ nor the BRB functions as a policymaker in this case. *See id*. at 1262. The ALJ's and the BRB's interpretations of the regulations implementing the Act are legal conclusions that we review *de novo.*

---

[2]The motion to dismiss is denied.

**IV. Discussion**

To establish eligibility for black lung benefits, a claimant generally must show (1) that the miner has pneumoconiosis, (2) that the pneumoconiosis arose from the miner's coal mine employment, (3) that the miner has a total pulmonary disability, and (4) that the total pulmonary disability is due to pneumoconiosis. *Lollar,* 893 F.2d at 1262-63. Marcum has established the first three requirements, and whether she has shown the fourth requirement is the sole issue on this appeal.

The third and fourth requirements for eligibility arise from 20 C.F.R. § 718.204, which states: "Benefits are provided under the Act for or on behalf of miners who are totally disabled due to pneumoconiosis...." Section 718.204 establishes standards for a claimant to show the existence of a total pulmonary disability, [3] but the regulation is less clear about when a total disability is "due to" pneumoconiosis. *See id.* As a result of the regulation's ambiguity, problems arose in cases, like *Lollar,* where the miner's medical history suggested several potential causes for the pulmonary disability. For example, in addition to pneumoconiosis, Lollar suffered from interstitial lung disease and chronic bronchitis. *Lollar,* 893 F.2d at 1260.

---

[3]Section 718.204 refers to a "total disability" rather than a total pulmonary disability, but it is clear from the criteria for establishing a total disability that only pulmonary disabilities are relevant. *See* 20 C.F.R. § 718.204(c) (miner can establish a total disability, in the absence of contrary evidence, by reference to a pulmonary function test or an arterial blood gas test). *See also Lollar,* 893 F.2d at 1267 n. 16 (stating that, "once a total pulmonary disability is established, ... unrelated disabilities obviously are irrelevant to the causation of the pulmonary disability") (emphasis deleted).

This court addressed the "due to" causation standard of § 718.204 for the first time in *Lollar.* The *Lollar* court was persuaded by decisions in three other circuits that the *Wilburn* rule that pneumoconiosis must "in and of itself" cause the pulmonary disability was "unduly stringent." *Id.* at 1265; *see Mangus v. Director, OWCP,* 882 F.2d 1527 (10th Cir.1989), *Bonessa v. United States Steel Corp.,* 884 F.2d 726 (3d Cir.1989), *Adams v. Director, OWCP,* 886 F.2d 818 (6th Cir.1989); *but see Wilburn,* 11 B.L.R. at 1-137.

In defining the "due to" causation test of § 718.204, the *Mangus, Bonessa,* and *Adams* courts phrased the applicable test differently. *See Mangus,* 882 F.2d at 1531 (pneumoconiosis must contribute to the total disability); *Bonessa,* 884 F.2d at 733 (pneumoconiosis must be a substantial contributor to the total disability); *Adams,* 886 F.2d at 825 (total disability must be due, "at least in part" to pneumoconiosis). While the *Lollar* court found all three decisions helpful to its analysis, it adopted the causation standard used by the Third Circuit in *Bonessa* that requires pneumoconiosis to be a substantial contributing cause of the miner's total pulmonary disability. *Lollar,* 893 F.2d at 1265. The *Lollar* court then noted:

> [T]he Sixth Circuit in *Adams,* while not using the terms "substantial" or "significant" in its standard, was careful to observe that "nothing in this record suggests that Adams' pneumoconiosis played only an infinitesimal or de minim[i]s part in his totally disabling respiratory impairment, so we need not consider here whether such a finding ... would support a denial of benefits under the Act." We believe *Bonessa*'s phrasing of the test answers this concern.

*Id.* (quoting *Adams,* 886 F.2d at 826 n. 11) (alteration in original).

Both the ALJ and the BRB purported to apply *Lollar*'s substantial contributing cause test to Marcum's claim. Although the parties agree that the *Lollar* causation standard applies, we note that the holding in *Lollar* does not, on its face, apply to Marcum's claim. The *Lollar* court held that the substantial contributing factor standard applies to black lung benefits claims filed after January 1, 1982, *Lollar,* 893 F.2d at 1265, but Marcum's claim was filed in 1980. The *Lollar* court apparently limited the application of the causation standard because black lung claimants who filed their claims before January 1, 1982 are entitled to a presumption that a total pulmonary disability is due to pneumoconiosis if they can show fifteen years of underground coal mine employment. 20 C.F.R. § 718.305(a), (e); *see Lollar,* 893 F.2d at 1262 n. 6.

Marcum did not have fifteen years of underground coal mine employment, and thus did not qualify for the § 718.305 presumption. We hold that black lung claimants who file before January 1, 1982 and are not entitled to the § 718.305 presumption must satisfy the *Lollar* causation standard in order to qualify for benefits under § 718.204.

Black Diamond argues that the BRB misapplied the *Lollar* standard, and we agree. Although the BRB quoted *Lollar* as requiring pneumoconiosis to be a "substantially contributing cause," the BRB also read *Lollar* to hold that:

> only a physician's medical opinion concluding that the miner's pneumoconiosis " "played only an infinitesimal or de minim[i]s part in his totally disabling respiratory impairment,' " would be insufficient to establish causation pursuant to Section 718.204(b).

*Marcum v. Black Diamond Coal Co.,* BRB No. 92-0781 (Jan. 31, 1994) (quoting *Lollar,* 893 F.2d at 1265) (alteration in original). The BRB took *Lollar*'s quote from *Adams* out of context, and the standard it applies is lower than the *Lollar* standard. The operative words to describe the *Lollar* standard are "substantial contributing cause," not "infinitesimal or de minimis part." A conclusion that a contributing cause played more than an infinitesimal or de minimis part does not mean that the contributing cause was substantial.

Black Diamond argues that the ALJ properly applied the *Lollar* standard, and that the ALJ's finding that Marcum did not establish causation is supported by substantial evidence in the record. We agree that the ALJ properly applied the *Lollar* standard, but disagree that the ALJ's factual findings are entitled to deference in this case. In determining that Marcum's pneumoconiosis was not a substantial contributing cause of his total pulmonary disability, the ALJ relied on Dr. Hood's report, and Dr. Russakoff's 1985 report, which are not part of the record in this case.[4]

Because we cannot defer to the ALJ's findings, we vacate the BRB's award of benefits and remand to the BRB for a determination, consistent with this opinion, of whether Marcum's total pulmonary disability was due to pneumoconiosis. In answering this question, the substantial contributing cause standard of *Lollar* applies, and only evidence that is properly in the record should be considered.

VACATED and REMANDED.

---

[4]Although it is unimportant to the resolution of this appeal, we note that the BRB also considered Dr. Hood's report in concluding that Marcum was entitled to benefits.