[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12625
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00391-SLB


SONYA HUNTER,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 15, 2015)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

ED CARNES, Chief Judge:

Sonya Hunter appeals the district court's order denying her motion for remand and affirming the Social Security Commissioner's final decision to deny her application for disability insurance benefits. Hunter contends that the district court should have remanded the case to the Commissioner for further proceedings to consider new evidence. She also contends that the decision should be reversed because its finding that she was able to perform light work was not supported by substantial evidence, and because the Administrative Law Judge did not give sufficient weight to the opinion of her treating physician.

**I.**

This case arises from Hunter's two successive applications for disability insurance benefits and the resulting decisions from two different ALJs. Hunter filed her first application in May 2010, alleging a disability onset date of March 3, 2009. After a hearing, the ALJ denied that application on February 10, 2012, finding that Hunter was not disabled during the period of time beginning on the alleged disability onset date and ending on the date of denial. After the Appeals Council denied Hunter's request for review, she appealed the ALJ's decision to the district court.

Meanwhile, Hunter filed a second application for disability insurance benefits, in which she alleged a disability onset date of February 11, 2012, the day after the first ALJ denied her previous application. While the appeal of the first

2

decision was still pending in the district court, a different ALJ approved Hunter's second application, finding that she was disabled as of the disability onset date alleged in that application. (For obvious reasons, she does not appeal that decision.) In short, the second ALJ found that Hunter was disabled on February 11, 2012, even though the first ALJ found that she was not disabled just one day earlier on February 10, 2012.

In light of those seemingly irreconcilable outcomes, Hunter moved the district court to remand the first ALJ's unfavorable decision to the Commissioner for further proceedings. She argued that the second ALJ's favorable decision was new and material evidence warranting reconsideration of her initial application. She also argued that the first decision should be reversed because it was not supported by substantial evidence and because the ALJ failed to give sufficient weight to the opinion of her treating physician. The district court rejected those arguments, denied Hunter's motion to remand, and affirmed the first ALJ's decision. After the district court denied her motion to amend or alter the judgment, Hunter appealed.

## II.

42 U.S.C. § 405(g) "permits courts to remand a case to the Social Security Administration for consideration of newly discovered evidence."[1] Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998).  To obtain a remand under that provision, "the claimant must establish that:  (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).

Hunter contends that the earlier favorable decision should be remanded to the Commissioner for further consideration because the second favorable decision constitutes new and material evidence for purposes of § 405(g).  In support of that contention, she relies primarily on the Ninth Circuit's decision in Luna v. Astrue, 623 F.3d 1032 (9th Cir. 2010).[2]  Like this case, Luna involved a claimant's two

---

[1] This is often referred to as a "sentence six remand" because it is authorized by the sixth sentence in § 405(g).  See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007). ("The sixth sentence of section 405(g) provides a federal court the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.") (quotation marks omitted).

[2] Hunter also cites our unpublished opinion in Carroll v. Social Security Administration, Commissioner, 453 F. App'x 889 (11th Cir. 2011).  That opinion observed that a later favorable decision was new evidence for purposes of § 405(g), but ultimately concluded that the decision was not material because it was issued nearly a year and a half after the initial unfavorable decision. Id. at 892.  Our "[u]npublished opinions are not considered binding precedent," although "they may be cited as persuasive authority."  11th Cir. R. 36-2; see also United States v.

4

successive applications for disability insurance benefits and two seemingly irreconcilable ALJ decisions.  An earlier decision denied the claimant's first application, finding that she was not disabled on or before January 27, 2006, while a later decision granted the claimant's second application, finding that she was disabled as of January 28, 2006.  Id. at 1033–34.  Under those circumstances, the Ninth Circuit held that the later favorable decision was new and material evidence warranting remand for "further consideration of the factual issues . . . to determine whether the outcome of the first application should be different."  Id. at 1035.

As Hunter acknowledges, however, Luna represents only one side in a circuit split.  On the other side is the Sixth Circuit's decision in Allen v. Commissioner of Social Security, 561 F.3d 646 (6th Cir. 2009), which involved materially indistinguishable facts.  An earlier decision denied the claimant's first application, finding that he was not disabled on or before September 11, 2006, while a later decision granted the claimant's second application, finding that he was disabled as of September 12, 2006.  Id. at 648–50.  Unlike the Ninth Circuit, the Sixth Circuit rejected the notion that "the mere existence of the subsequent decision in [the claimant's] favor, standing alone," warranted reconsideration of the first application.  Id. at 653.  The court explained that "a subsequent favorable

---

Irey, 612 F.3d 1160, 1215 n.34 ("Unpublished opinions are not precedential[.]").  We are neither bound nor persuaded by Carroll.

5

decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." Id. Because the claimant rested his case for remand solely on the later decision, the Sixth Circuit concluded that he had not satisfied his burden for obtaining a remand. Id. at 654.

The Sixth Circuit's position is correct, the Ninth Circuit's is wrong. A decision is not evidence any more than evidence is a decision. Holding, as we do, that a later favorable decision is not evidence for § 405(g) purposes is also supported by the limited scope of judicial review of the ALJ's decision. We must affirm if it is supported by substantial evidence. Black Diamond Coal Min. Co. v. Dir., OWCP, 95 F.3d 1079, 1082 (11th Cir. 1996). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A preponderance of the evidence is not required. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). In determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings. Black Diamond Coal Min. Co., 95 F.3d at 1082.

In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could

6

nonetheless be supported by evidence that reasonable minds would accept as adequate. Because of that possibility, the mere existence of a later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier unfavorable decision or the factfindings upon which it was premised. See Allen, 561 F.3d at 653.

In this case, the only "new evidence" Hunter cites in support of her request for remand is the later favorable decision. In light of our holding today, that decision is not evidence for purposes of § 405(g). Because Hunter does not offer any other new evidence, she has not established that remand is warranted. See Caulder, 791 F.2d at 876–77.

### III.

Hunter next contends that the ALJ's decision should be reversed because it was not supported by substantial evidence. She specifically challenges the ALJ's conclusion that she was not disabled based on its finding that she was able to perform light work. Substantial evidence supports the decision here. The ALJ considered doctors' reports, medical records, testimony of vocational experts, and other evidence. A majority of the doctors opined that Hunter could perform basic work-related activities, such as sitting, standing, or walking. The medical records and MRI scans revealed only minor problems, which did not preclude light work. The vocational expert testified that a person with Hunter's characteristics and

7

impairments was nonetheless qualified for certain occupations in the national economy. Reasonable minds could accept that evidence, taken together, as sufficient to support the ALJ's conclusion that Hunter was able to perform light work. See Black Diamond Coal Min. Co., 95 F.3d at 1082; Moore, 405 F.3d at 1211.

## IV.

Finally, Hunter contends that the ALJ did not give adequate weight to the opinion of her treating physician. Although the testimony of a treating physician is generally entitled to "substantial or considerable weight," the ALJ may discount that testimony when there is "good cause." See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding." Id. We will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it. See Moore, 405 F.3d at 1212.

Here the ALJ did just that. Hunter's treating physician opined, among other things, that she was incapable of bending, that she was totally disabled, and that she should receive disability benefits. The ALJ found that opinion inconsistent with the medical records and other evidence, and gave it less weight on that basis.

8

Because the ALJ's rationale was adequate, we will not disturb the credibility

determination.  See Lewis, 125 F.3d at 1440.

**AFFIRMED.**