[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14924
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cv-00178-PDB

KRISTINE MEEHAN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 10, 2019)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

An administrative law judge (ALJ) denied Kristine Meehan's application for

disability insurance benefits under 42 U.S.C. § 405(g), which the district court

affirmed.  Meehan now appeals, arguing that the ALJ erred by failing to (1) give significant weight to the opinion of Dr. Ngo-Seidel, (2) credit Meehan's own subjective testimony, and (3) properly determine Meehan's physical residual functional capacity.  We disagree and affirm.

## I. Background

Meehan applied for disability benefits.  Meehan stated that she had paresthesia in both legs and shingles, which she stated caused daily pain.  Among other medical records, Meehan submitted the medical opinion of Dr. Ngo-Seidel, who noted that Meehan had idiopathic progressive polyneuropathy and degenerative disc disease.  Dr. Ngo-Seidel opined that Meehan experienced constant pain, tingling, and numbness from the knees down, but that Meehan could "perform a job in a seated position" for six plus hours in an eight-hour workday.  At the hearing before the ALJ, Meehan testified about her daily activities, her pain, and her other symptoms.  The ALJ also questioned a vocational expert.   Based on the record evidence, the ALJ found that although Meehan could not perform her past work, she could perform and successfully adjust to sedentary work.  The ALJ accordingly concluded that Meehan was not disabled.

## II. Discussion

We review the ALJ's decision for substantial evidence and its application of legal principles de novo.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.

2

2005). "Substantial evidence is less than a preponderance." *Id.* Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as sufficient to support the conclusion. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). But we may not decide the facts anew, reweigh the evidence, or substitute our own judgment for that of the ALJ. *Id.* As long as the ALJ's decision is supported by substantial evidence, we must defer to it even if there is evidence to support a contrary conclusion. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).

### A. Dr. Ngo-Seidel's Medical Opinion

Meehan first argues that the ALJ failed to properly weigh the medical opinion of Dr. Ngo-Seidel. Specifically, she argues that the ALJ erred by concluding that Dr. Ngo-Seidel's opinion was given upon Meehan's request and was inconsistent with someone who was disabled.

To determine how much weight to give a medical opinion, the ALJ considers several factors: (i) the examining relationship; (ii) the treatment relationship, including the length and nature of the relationship; (iii) the supportability of the opinion; and (iv) the consistency of the opinion with other evidence. 20 C.F.R. § 404.1527(c)(1)–(4). The Social Security Administration (SSA) generally gives "more weight" to an opinion from a treating source because the treating source is "likely to be the medical professional[] most able to provide a

3

detailed, longitudinal picture" of the claimant's medical impairment and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2) (2012). If the SSA finds that a treating source's opinion on the nature and severity of an impairment is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the SSA will give the opinion "controlling weight." *Id.*

SSA regulations define "treating source" as the applicant's "own acceptable medical source who provides [the claimant] . . . with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." *Id.* § 404.1527(a)(2). The SSA regulations also state, however, that it

> will not consider an acceptable medical source to be [the claimant's] treating source if [the claimant's] relationship with the source is not based on [the claimant's] medical need for treatment or evaluation, but solely on [the claimant's] need to obtain a report in support of [the claimant's] claim for disability.

*Id.*

The opinion of a treating physician must be given substantial weight unless "good cause" is shown to the contrary. *Winschel*, 631 F.3d at 1179. We have found "good cause" to exist when (1) the opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the opinion was

4

conclusory or inconsistent with the doctor's own medical records. *Id.* The ALJ must clearly articulate the reasons for giving less weight to a treating physician's opinion, and failure to do so is reversible error. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). We "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

The ALJ had good cause to give little weight to Dr. Ngo-Seidel's opinions regarding Meehan's functional limitations. *See Winschel*, 631 F.3d at 1179. First, the ALJ's determination to give Dr. Ngo-Seidel's opinion "little weight" because it was obtained at the request of Meehan equates to a finding that Dr. Ngo-Seidel was not a treating source and therefore the opinion was not entitled to substantial weight. *See* 20 C.F.R. § 404.1527(a)(2). Substantial evidence supports this determination. Dr. Ngo-Seidel only saw Meehan three times. Before Dr. Ngo-Seidel completed Meehan's disability questionnaire, Dr. Ngo-Seidel had not seen Meehan for nearly two years. And in the two-year gap between Meehan's first and second visits with Dr. Ngo-Seidel, Meehan was primarily treated by a different physician, who she saw over ten times during that period. Second, even if Dr. Ngo-Seidel was a treating source, substantial evidence also supports the ALJ's decision to give the opinion little weight because Dr. Ngo-Seidel's course of

5

treatment appeared inconsistent with the treatment for someone who is disabled. During her course of treatment, doctors had only given Meehan medication, told her to stop smoking, and referred her to a neurologist who then recommended that she attend physical therapy for gait training.  And although she had to elevate her legs to prevent swelling, Dr. Ngo-Seidel opined that with periodic elevation, she could perform over 6 hours of work for five days a week in a seated position.

The ALJ's decision to give Dr. Ngo-Seidel's opinion "little weight" was thus supported by substantial evidence.

## B. Meehan's Own Statements

Meehan next argues that the ALJ erred by failing to credit her statements describing her symptoms.

A claimant may establish her disability through her own testimony about her pain or other subjective symptoms.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  The ALJ must consider a claimant's testimony about her pain and other subjective symptoms when the claimant meets the "pain standard."  *Id.* Under that standard, the claimant must present evidence of an underlying medical condition.  *Id.*  If there is evidence of an underlying medical condition, then the claimant must show either objective medical evidence that confirms the severity of the alleged pain or symptoms, or evidence that the objectively determined medical

6

condition is of such a severity that it can reasonably be expected to give rise to the alleged pain or symptoms. *Id.*

In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and her doctors. 20 C.F.R. § 404.1529(c)(1)–(2). The ALJ may consider other factors, such as (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve her pain or symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions. *Id.* § 404.1529(c)(3). The ALJ will then examine the claimant's statements regarding her symptoms in relation to all other evidence and consider whether there are any inconsistencies or conflicts between those statements and the record. *Id.* § 404.1529(c)(4).

If the ALJ decides not to credit the claimant's testimony about her subjective symptoms, the ALJ must articulate explicit and adequate reasons for doing so unless the record obviously supports the credibility finding. *See Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995). The ALJ's articulated reasons must also be supported by substantial evidence. *Jones v. Dep't of Health & Human Servs.*,

941 F.2d 1529, 1532 (11th Cir. 1991). We will not disturb a properly articulated credibility finding that is supported by substantial evidence. *Foote*, 67 F.3d at 1562.

The ALJ here articulated adequate reasons for discounting Meehan's subjective claims, and the reasons were supported by substantial evidence. The ALJ found that, although Meehan's diagnosis and medical evidence could reasonably be expected to cause her alleged symptoms, other relevant medical evidence and Meehan's daily activities were inconsistent with Meehan's statements concerning the intensity, persistence, and limiting effects of her symptoms. First, although she was prescribed medications, Meehan's medical records indicated that her physicians also offered alternative treatments for pain, including recommending that she stop smoking and attend physical therapy. Second, the ALJ noted that Meehan had never had an extended inpatient hospitalization for her physical ailments and that she reported no side effects that would affect her ability to work. Third, the ALJ considered Meehan's daily activities, including caring for herself, cooking simple meals, doing laundry, managing finances, grocery shopping, and driving.

The ALJ thus had substantial evidence to support its properly articulated decision not to credit Meehan's statements about her subjective symptoms. *See id.*

*C. Residual Functional Capacity*

Meehan finally contends that the ALJ's decision about her residual functional capacity (RFC) was not supported by substantial evidence.  She contends that after rejecting Dr. Ngo-Seidel's opinion and her own subjective testimony, the ALJ failed to explain what specific evidence supported the RFC determination that she could perform sedentary work.

SSA regulations outline a sequential evaluation process to determine whether a claimant is disabled.  *See* 20 C.F.R. § 404.1520(a)(4).  The ALJ must evaluate whether (1) the claimant engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the severe impairment meets or equals an impairment in the Listing of Impairments; (4) the claimant has the RFC to perform past relevant work; and (5) in light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R §§ 404.1520(a)(4), 416.920(a)(4).  If the ALJ determines that the claimant is not disabled at any step of the evaluation process, the inquiry ends.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

A claimant's RFC is "that which an individual is still able to do despite the limitations caused by [her] impairments."  *Phillips*, 357 F.3d at 1238.  The claimant's RFC is a legal determination made by the ALJ based on all the record evidence.  *Id.*  The ALJ makes this determination by considering the claimant's

9

ability to perform certain actions like lifting weight, sitting, standing, pushing, and pulling.  20 C.F.R. § 404.1545(b).  The claimant's RFC is then used to determine her ability to perform various designated levels of work (sedentary, light, medium, heavy, or very heavy).  *See id.* § 404.1567.

The ALJ here weighed the record evidence before determining that Meehan had the RFC to perform sedentary work.  Contrary to Meehan's arguments, the ALJ did not merely rely on subjective beliefs or interject lay opinions to determine her RFC.  Although the ALJ gave Dr. Ngo-Seidel's opinion and Meehan's own testimony little weight, the ALJ did not reject either entirely.  The ALJ reasoned that Dr. Ngo-Seidel opined that Meehan could perform over six hours of work for five days a week in a seated position, and Meehan testified that she could sit, go grocery shopping, prepare meals, drive, and that she tried to swim for exercise.  The ALJ also considered the testimony of a Vocational Expert and Meehan's medical records, including her physicians' treatment notes.  The ALJ's RFC determination was thus supported by substantial evidence.

### III. Conclusion

Although the ALJ could have reached a different conclusion, because the ALJ's disability determination was based on substantial evidence, we must defer to it.  *See Winschel*, 631 F.3d at 1178.  Accordingly, we affirm.

**AFFIRMED.**