[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13976
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-01650-AEP

EDWARD AMELY, SR.,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 4, 2021)

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Edward Amely, Sr. appeals the district court's order denying his motion to remand to the Commissioner to consider new evidence. Because the new evidence is not material to the administrative law judge's decision, we affirm.

## I.

Amely applied for disability benefits in 2016, alleging an onset of disability of June of that year. His claims were denied at the initial and reconsideration levels, so he requested a hearing before an administrative law judge. The administrative law judge held a hearing and then issued a written decision in December 2018 finding that Amely was not disabled. The Appeals Council denied Amely's request for review, and he filed an action in district court. There, Amely filed a motion for remand under "sentence six" of 42 U.S.C. § 405(g); he contended that a subsequent award of Supplemental Security Income and a May 2019 consultative examination performed by Dr. Thomas G. Trimmer constituted new evidence that would have affected the earlier adverse decision. The district court denied his motion, explaining that the award letter in and of itself was not new evidence that would change the administrative result and that Dr. Trimmer's report did not relate back to the period at issue. This appeal followed.

## II.

We review the district court's determination of whether to remand based on new evidence de novo. *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).

2

III.

The sixth sentence of 42 U.S.C. § 405(g) permits courts to remand an application for benefits back to the Social Security Administration for further action. A claimant must establish that: (1) there is new, noncumulative evidence, (2) the evidence is material, and (3) there is good cause for the failure to submit that evidence at the administrative level. *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 821 (11th Cir. 2015). Evidence is material if it is relevant and probative such that there is a reasonable possibility that it would change the administrative result. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015).

The district court did not err in concluding that Dr. Trimmer's 2019 report was not relevant and probative to the administrative law judge's decision. To be sure, evidence of Amely's memory functioning *at the time of the administrative law judge's decision* would have been material—the administrative law judge specifically found that there was no severe limitation in Amely's ability to remember information, so evidence from the relevant time period could rebut that finding. *See id.* at 1322–23. But Dr. Trimmer's evaluation was conducted months after the administrative law judge's decision, and there is no indication that the report related back to the period that was adjudicated. Although Dr. Trimmer noted that Amely "reportedly has had some memory problems" going back to

2016, he did not state that he had reviewed any of Amely's previous records or that his opinions related back to the period before the decision. *See id.* at 1322. In fact, Dr. Trimmer did not even comment on the cause of Amely's memory issues or if Amely had been suffering from those issues at the time of the decision. Moreover, the report stated that the memory testing results were an accurate estimate of Amely's *current* level of functioning; the results gave no indication about his functioning from before that time.

Amely contends that the subsequent favorable decision in 2019 suggests that Dr. Trimmer's report was chronologically relevant. But that award simply stated that Amely was found disabled as of January 31, 2019; it did not state that Amely was disabled because of memory issues, that Dr. Trimmer's report had any impact on the award, or that Amely was disabled in 2018. The mere fact that Amely was found disabled in January 2019 does not make Dr. Trimmer's examination findings material to an earlier decision. *See id.* In short, even if the administrative law judge had this new evidence, there is not a reasonable possibility that the decision would have been different. *See* 42 U.S.C. § 405(g); *see also Hunter*, 808 F.3d at 821.

**AFFIRMED.**