[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10652

Non-Argument Calendar

_____

KENO GRIMMETT,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01010-RDP

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Keno Grimmett appeals the denial of his motion for relief from a judgment affirming the Commissioner's denial of his application for supplemental security income, 42 U.S.C. §§ 405(g), 1383(c)(3), and for a remand to the agency to consider new evidence, *id.* § 405(g). We affirm.

In June 2018, Grimmett applied for supplemental security income and alleged a disability onset date of June 19, 2018. Grimmett submitted various medical evidence, including statements from Dr. James McCain and Kristy Phillips. In February 2020, an administrative law judge denied his claim. Grimmett asked the Appeals Council to consider five additional medical records as new evidence. The Appeals Council denied Grimmett's request and concluded that the new evidence would not have changed the administrative law judge's decision. In August 2021, the district court affirmed the Commissioner's decision. Grimmett did not appeal.

Four months later, Grimmett moved for relief from the judgment, Fed. R. Civ. P. 60(b)(2), (6), and for a "sentence six" remand, 42 U.S.C. § 405(g), because he had received a subsequent favorable decision finding him disabled with an onset date of September 23, 2020. Grimmett argued that the favorable decision was new and material evidence. Grimmett also argued that, in contrast

with *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818 (11th Cir. 2015), where we held that a subsequent favorable decision alone was not evidence that could support a "sentence six" remand, he had submitted new medical evidence to the Appeals Council that supported the favorable decision.

The district court denied Grimmett's motion and ruled that *Hunter* foreclosed his argument. The district court also ruled that the additional medical evidence was unpersuasive because the new decision concerned a different period from the one addressed in the first decision.

Under sentence six of section 405(g), the district court may "remand to the Commissioner to consider new evidence presented for the first time in the district court." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). To obtain a remand, the claimant must prove that the evidence is new and material and that good cause exists for failing to incorporate the evidence into the record in the earlier proceeding. *Id.* at 1261. For purposes of section 405(g), a subsequent favorable benefits decision is not "evidence." *Hunter*, 808 F.3d at 822 ("A decision is not evidence any more than evidence is a decision."). If evidence is submitted to the Appeals Council and the Appeals Council considers and incorporates it into the record, the evidence is not "new." *Ingram*, 496 F.3d at 1269.

Grimmett's subsequent favorable decision was not "evidence." *See Hunter*, 808 F.3d at 822. Grimmett disagrees with our precedent in *Hunter*, but "[u]nder the prior precedent rule, we are

bound to follow a prior binding precedent unless and until it is overruled by this court *en banc* or by the Supreme Court," *United States v. Martinez*, 606 F.3d 1303, 1305 (11th Cir. 2010) (quoting *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008)). Grimmett seeks to distinguish his case from *Hunter* by pointing to the five additional treatment records that he presented to the Appeals Council that supported the Commissioner's subsequent favorable decision. But this additional medical evidence was not "new" because the Appeals Council reviewed these treatment records and determined that they would not change the administrative law judge's decision, which concerned a different period from that covered in the subsequent decision. *See Ingram*, 496 F.3d at 1269.

Grimmett also challenges the weight that the administrative law judge gave to Dr. McCain's and Phillips's reports. But because Grimmett did not timely appeal the order of the district court affirming the denial of his application for benefits, we dismissed that portion of his appeal and lack jurisdiction over this challenge. *See Am. Bankers Ins. Co. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

We **AFFIRM** the denial of Grimmett's motion for relief from the judgment and for remand.