[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12334

Non-Argument Calendar

_____

KELLY POLING,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-01481-AAS

_____

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Kelly Poling appeals the district court's order affirming the Social Security Commissioner's (Commissioner) denial of her claim for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income. She asserts the district court erred by not remanding her case under the sixth sentence of 42 U.S.C. § 405(g) because she submitted new and material evidence—a finding by an Administrative Law Judge (ALJ) in a second, separate claim that she was disabled with an onset date one day after an ALJ found she was not disabled on the claim at issue in this case.

The sixth sentence of 42 U.S.C. § 405(g) permits a district court to remand an application for benefits to the Commissioner for the taking of additional evidence upon a showing "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). To obtain a remand under this provision, the claimant must establish: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative

level." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 821 (11th Cir. 2015)(quotation marks omitted).

In *Hunter*, we held a later favorable decision is not "new evidence" for purposes of § 405(g). *Id.* at 822. There, Hunter filed two successive applications for DIB, the first in May 2010, alleging a disability onset date of March 3, 2009, which an ALJ denied, finding she was not disabled between her alleged onset date and the date of the decision, February 10, 2012. *Id.* at 820. After the Appeals Council denied her request for review, Hunter sought review in the district court. *Id.* Meanwhile, Hunter filed a second application for DIB, alleging an onset date of February 11, 2012—the day after the first ALJ denied her previous application. *Id.* While her appeal of the first decision was still pending in the district court, a different ALJ approved her second application, finding she was disabled as of February 11, 2012. *Id.*

Hunter then moved the district court to remand the first ALJ's unfavorable decision to the Commissioner for further proceedings, arguing the second ALJ's favorable decision was new and material evidence warranting reconsideration of her first application. *Id.* The court denied the motion, and Hunter appealed. *Id.* at 820-21. On appeal, we noted there was a split on the issue between the Sixth and Ninth Circuits but agreed with the Sixth Circuit and affirmed the district court, holding "a later favorable decision is not evidence for § 405(g) purposes." *Id.* at 821-22. We reasoned that, given the deferential nature of substantial evidence review, the decisions of both ALJs could be supported by the record,

even though they reached opposite conclusions. *Id.* at 822. Because the only new evidence Hunter cited in support of her request for remand was the later favorable decision, which was not evidence for purposes of § 405(g), we concluded she had not established remand was warranted. *Id.*

Because Poling's argument that the second ALJ's favorable decision was new and material evidence warranting reconsideration[1] of her first application is identical to the one we rejected in *Hunter*, it is foreclosed under the prior panel precedent rule. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (stating, under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*"). Poling does not attempt to distinguish her case from *Hunter* but merely argues it was wrongly decided, which is not grounds for circumventing *Hunter* under the prior panel precedent rule. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000) (explaining the prior panel

---

[1] Even though Poling submitted new treatment records in support of her request for a sentence six remand, she does not argue on appeal the district court erred in determining those records did not warrant a remand, instead basing her claim solely on the second ALJ's favorable decision, and thus she has abandoned the argument that remand was warranted based on the treatment records. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (stating a party fails to adequately present an issue on appeal when she does not plainly and prominently raise it, for instance by devoting a discrete section of her argument to that claim).

precedent rule is dependent upon neither "a subsequent panel's appraisal of the initial decision's correctness" nor "the skill of the attorneys or wisdom of the judges involved with the prior decision— upon what was argued or considered"). Moreover, there is no argument the issue raised by Poling was not brought to the attention of the Court in *Hunter* or ruled upon, as the Court acknowledged the circuit split referenced by Poling and expressly chose the approach of the Sixth Circuit over the Ninth Circuit. *See United States v. Jackson*, 55 F.4th 846, 853 (11th Cir. 2022) (noting "questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents" (quotation marks and brackets omitted)). As *Hunter* has been neither overruled nor undermined to the point of abrogation, we affirm.

**AFFIRMED.**