[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11671
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-01747-LSC

RONALD CRAIG WALKER,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 1, 2020)

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Ronald Craig Walker appeals from a district court order affirming the

Commissioner of the Social Security Administration's ("Commissioner") decision

to deny Walker's application for Disability Insurance Benefits and Supplemental Security Income, and denying Walker's motion for remand pursuant to Sentence 4 and Sentence 6 of 42 U.S.C. § 405(g).  Walker argues that the Commissioner's finding that he does not have a severe impairment or combination of impairments is not supported by substantial evidence.  He also argues that the Commissioner improperly rejected the opinions of two consulting physicians—Dr. Sathyan Iyer and Dr. Robert Haas—without showing good cause or explaining his reasoning with clarity.  Finally, Walker contends that the Social Security Administration ("SSA") Appeals Council erred by refusing to review new evidence that he submitted and that the district court erred by denying his motion for remand under Sentence 4 and Sentence 6 of § 405(g).  Because Walker has not shown reversible error, we affirm.

## I.  Facts and Procedural Background

In February 2017, Walker applied for Disability Insurance Benefits and Supplemental Security Income.  Walker alleged that he had stopped working as a truck driver on January 27, 2017, and was unable to return to work due to ongoing, disabling conditions, including: "crushed vertebrae in lower back, dizzy spells"; "pain in both knees"; pain in his right leg stemming from a motorcycle accident that occurred in 1983; "high blood pressure"; and a "thyroid problem."  He

2

indicated that, due to his conditions, he could not lift more than 25 pounds, had trouble standing, walking, kneeling, bending, and squatting without "a lot of pain."

In support of his claims, Walker submitted medical records from Doctors Med Care of East Gadsden, P.C. ("Doctors Med Care") and the Etowah Free Community Clinic ("Etowah Clinic").  Walker received treatment at Doctors Med Care from February 2013 to February 2017, primarily for his hypertension, hypothyroidism, and hyperlipidemia.  At those appointments, he consistently denied suffering from muscle weakness, joint pain, and back pain; his physical examination findings were normal; and he reported that his symptoms were stable or decreased with the use of his medications.  Walker also sought treatment in November 2017 and January 2018 at the Etowah Clinic.  At an appointment on November 1, 2017, he complained of knee pain, but the knee examination he received returned normal findings.

On April 10, 2017, Walker visited Dr. Sathyan Iyer for a consultative physical examination.  Dr. Iyer noted that Walker had normal grip strength, opposition functions, and muscle power of the upper and lower extremities.  He also noted that Walker had a full range of motion throughout, except for a reduced range of motion in the lumbar spine. Based on the examination, Dr. Iyer opined that Walker "could have impairment of functions involving standing for long periods, walking long distance, bending, lifting, overhead activities, pushing, and

3

pulling." Dr. Robert Haas, a non-examining state medical consultant, subsequently reviewed Walker's case file and opined that Walker's obesity and spine disorder were severe impairments.

At a hearing before an SSA Administrative Law Judge ("ALJ"), Walker testified that he could not sit or stand for long periods of time and that he would need to lie down for eight hours on a normal workday to relieve his back pain. After considering Walker's testimony and the medical evidence, the ALJ denied Walker's application. Although the ALJ found that Walker suffered from the medically determinable impairments of obesity, hypertension, and hypothyroidism, he found that Walker did not have a severe impairment or combination of impairments. The ALJ also gave no weight to the opinions of Dr. Iyer and Dr. Haas because he found their opinions to be inconsistent with the "very little physical findings" on examination.

Walker requested review of the ALJ's decision by the SSA Appeals Council. He submitted additional evidence, consisting of x-rays of his right foot and ankle taken on April 24, 2018, an MRI scan of his lumbar spine taken on May 10, 2018, and a physical capacities form completed on May 7, 2018, by Dr. William Hartzog of the Etowah Clinic. In the physical capacities form, Dr. Hartzog opined that Walker would miss ten days of work a month due to his physical symptoms and would be off-task for twenty-five percent of the workday.

4

The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  In denying review, the Appeals Council noted that the additional evidence that Walker submitted did "not show a reasonable probability that it would change the outcome" of the ALJ's decision.  After the Appeals Council's decision was issued, Walker received a favorable decision on a separate application for Supplemental Security Income.

Walker appealed to the district court, arguing that the ALJ erred by finding that he did not have a severe impairment or combination of impairments and by giving no weight to the opinions of Dr. Iyer and Dr Haas; that the Appeals Council erred by denying review based on the additional evidence he submitted after the ALJ's decision; and requesting remand pursuant to Sentence 4 and Sentence 6 of 42 U.S.C. § 405(g).  The district court affirmed the Commissioner's decision and denied Walker's request for remand.

## II.  Discussion

We review a final decision of the Commissioner to determine whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted).  "We may not decide the facts anew, reweigh the

5

evidence, or substitute our judgment for that of the Commissioner." *Mitchell v.*

*Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quotation omitted).

Our review of whether the Commissioner applied the correct legal standards is *de*

*novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir.

2007).

    1.     Substantial evidence supports the ALJ's decision that Walker does not have a severe impairment or combination of impairments

To qualify for disability insurance benefits and supplemental security

income, Walker was required to prove that he had a disability. *Barnhart v.*

*Thomas*, 540 U.S. 20, 21 (2003). "The Social Security regulations provide a five-

step sequential evaluation process for determining if a claimant has proven that

[he] is disabled." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

> At the first step, the claimant must prove that [he] has not engaged in substantial gainful activity. At the second step, [he] must prove that [he] has a severe impairment or combination of impairments. If, at the third step, [he] proves that [his] impairment or combination of impairments meets or equals a listed impairment, [he] is automatically found disabled regardless of age, education, or work experience. If [he] cannot prevail at the third step, [he] must proceed to the fourth step where [he] must prove that [he] is unable to perform [his] past relevant work. At the fifth step, the burden shifts to the Commissioner to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform. If the Commissioner can demonstrate that there are jobs the claimant can perform, the claimant must prove [he] is unable to perform those jobs in order to be found disabled.

6

*Id.* (citations omitted).  Because Walker failed to prove that he had a severe impairment or combination of impairments at the second step of this process, we do not address the other steps.

"An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1522; *see also Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  "Basic work activities," include "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting."  20 C.F.R. § 404.1522.  The impairment or impairments also must "have lasted or must be expected to last for a continuous period of at least 12 months."  20 C.F.R. § 404.1509.

Here, the ALJ's decision that Walker did not suffer from a severe impairment was supported by substantial evidence.  This evidence included Walker's medical records, which indicated that his medications controlled his hypothyroidism and hypertension without side effects; that Walker's obesity did not prevent him from working in the past and that none of his physicians found that

7

he had any limitations due to his obesity; that Walker's physical examinations in relation to his back did not show any issues; and that Walker consistently reported to his physicians that he did not have any muscle weakness, joint pain, or back pain. These medical records are substantial evidence that supports the Commissioner's decision that Walker does not have a severe impairment or combination of impairments.

2.    Substantial evidence supports the weight the ALJ gave to the opinions of Dr. Iyer and Dr. Haas

Walker argues that the ALJ erred by failing to give adequate weight to the medical opinions of the Commissioner's experts—Dr. Iyer and Dr. Haas—without good cause, and by failing to state his reasons for doing so with clarity.[1] Dr. Iyer examined Walker once and opined that he "could have impairment of functions involving standing for long periods, walking long distance, bending, lifting, overhead activities, pushing, and pulling." Dr. Haas reviewed Walker's case file and opined that Walker's obesity and spine disorder were severe impairments.

The weight a medical opinion receives depends on, among other things, the doctor's examining and treating relationship with the claimant, the evidence the

---

[1] As the government notes, Walker's argument on this issue consists of lengthy block quotes to caselaw without any attempt to apply the law to the facts of this case. He has thus abandoned the issue by failing to develop his arguments. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments . . . in support of an issue waives it."). Regardless, we find that his argument is without merit.

8

doctor presents to support their opinion, and how consistent that opinion is with the rest of the record.  20 C.F.R. § 404.1527(c).  "Absent 'good cause' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'" *Winschel*, 631 F.3d at 1179 (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  Good cause to discount a treating physician's opinion exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. (quotation omitted).  However, a doctor who only examines a claimant one time is not a treating physician and his or her opinion is not entitled to deference.  *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).

We will not second guess an ALJ's decision about the weight medical opinions deserve so long as the ALJ articulates a specific justification for his decision.  *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015); *Sharfarz v. Bowen*, 825 F.2d 278, 279–80 (11th Cir. 1987).  Here, the ALJ provided specific reasoning for disregarding the opinions of Dr. Iyer and Dr. Haas, which are not entitled to deference because neither doctor is a treating physician, and those reasons were supported by substantial evidence.  Dr. Iyer opined that Walker's conditions "could have an impairment of functioning involving standing for long periods, walking long distances, bending, lifting, overhead activities,

9

pushing and pulling."  The ALJ gave no weight to Dr. Iyer's opinion because he found that it was not "consistent with the objective medical evidence that shows completely normal physical examinations . . . ."  Based on the same lack of objective medical evidence, the ALJ gave no weight to Dr. Haas's opinion that Walker's obesity and spine disorder "limited him to a range of light work."  Accordingly, we find that substantial evidence supports the ALJ's decision to discount Dr. Iyer's and Dr. Haas's opinions, and that he stated his reasons for doing so with sufficient clarity.

> 3.   The Appeals Council did not err by finding that there was not a reasonable probability that the additional evidence would change the outcome of the ALJ's decision

Walker next argues that the Appeals Council erred by refusing to review additional evidence that he submitted—an x-ray of his right foot, an MRI of his spine, and a physical capacities evaluation completed by Dr. William Hartzog.  In that evaluation, Dr. Hartzog found that Walker would miss ten days of work a month due to his physical symptoms and would be off-task for twenty-five percent of the workday.  But the Appeals Council did not refuse to review this evidence.  Instead, it found that the evidence "[did] not show a reasonable probability that it would change the outcome of the decision."

The Appeals Council "must consider new, material, and chronologically relevant evidence and must review the case 'if the administrative law judge's

10

action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram*, 496 F.3d at 1261 (quoting 20 C.F.R. § 404.970(b)); *see also Washington v. Soc. Sec. Admin, Comm'r*, 806 F.3d 1317, 1321–22 (11th Cir. 2015).[2] Walker argues that there is a reasonable probability that the additional evidence would change the outcome of the ALJ's decision because Dr. Hartzog is a treating physician whose opinion is entitled to deference. But Dr. Hartzog is not a treating physician because he only treated Walker one time. *See McSwain*, 814 F.2d at 619. Accordingly, Dr. Hartzog's opinion was not entitled to deference and the Appeals Council did not err by finding that there was not a reasonable probability that the additional evidence would change the outcome of the ALJ's decision, considering the substantial evidence that the ALJ had already identified in Walker's medical records.

    4.    The district court did not err by failing to remand pursuant to Sentence 4 and Sentence 6 of 42 U.S.C. § 405(g)

Walker's final argument is that the district court erred by failing to remand his case to the Commissioner for consideration of new evidence, pursuant to Sentence 4 and Sentence 6 of 42 U.S.C. § 405(g). Sentence 4 of § 405(g) "authorizes a court to enter 'a judgment affirming, modifying, or reversing the

---

[2] Walker argues that remand is required under *Washington*. But *Washington* involved a different issue—whether the physician's opinion was chronologically relevant—which is not disputed here. 806 F.3d at 1322–23.

decision of the Secretary, with or without remanding the cause for a rehearing.'"

*Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)).

Sentence 6 of § 405(g) provides that:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g).

To obtain a remand under Sentence 6, Walker was required to establish that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Hunter*, 808 F.3d at 821 (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)). We review *de novo* the district court's decision of whether a remand is necessary based on the new evidence. *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).

The only new evidence that Walker has identified is a favorable SSI decision that he subsequently received in a different case. But this Court has held—and Walker does not dispute—that a later favorable decision is not new evidence for

12

purposes of Sentence 6.  *Hunter*, 808 F.3d at 822.[3]  Instead, Walker argues that this general rule does not apply because he also moved for remand under Sentence 4 of 42 U.S.C. § 405(g).[4]

We disagree.  Sentence 4 "describes an entirely different kind of remand" than Sentence 6.  *Ingram*, 496 F.3d at 1267 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).  Under Sentence 4, "a reviewing court is limited to the certified administrative record in examining the evidence."  *Id*. at 1268 (quoting *Caulder*, 791 F.2d at 876).  Because the later favorable decision was not part of the administrative record, it cannot justify a remand under Sentence 4.  *See id*. at 1267–68 ("[E]vidence first presented to the district court should not be considered for the purposes of a [Sentence 4] remand.").  And because the later favorable decision was not new evidence for purposes of Sentence 6, the district court properly rejected Walker's request for a remand pursuant to that sentence.

## III.  Conclusion

Because we find that the Commissioner's decision was supported by

---

[3]  *See Hunter*, 808 F.3d at 822 ("Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence.  Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate.  Because of that possibility, the mere existence of a later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier unfavorable decision or the fact findings upon which it was premised.")

[4]  The district court properly rejected Walker's motion for remand under Sentence 4 of 42 U.S.C. § 405(g) because it found that substantial evidence supported the ALJ's decision and that the correct legal standards were applied.

substantial evidence and that the correct legal standards were applied, and because the district court properly denied Walker's request for a remand pursuant to Sentence 4 and Sentence 6 of 42 U.S.C. § 405(g), we affirm the district court's decision.

**AFFIRMED.**