[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13119
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-00714-T-SPF

DWIGHT NORTON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 27, 2021)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dwight Norton appeals the district court's order affirming the Commissioner's denial of disability insurance benefits and supplemental security income. He argues that the Appeals Council erred in failing to remand his application to the ALJ, and that the district court erred in affirming the Appeals Council's decision. After a review of the record, we affirm.[1]

## I

Mr. Norton applied for disability insurance benefits and supplemental security income, alleging that he had become disabled on July 22, 2015. The Social Security Administration denied his application, so Mr. Norton requested a hearing before an ALJ. After the hearing, the ALJ denied Mr. Norton's application on May 23, 2018.

Subsequently, Mr. Norton appealed the ALJ's decision to the Appeals Council, submitting nine additional medical records to support his appeal. On March 1, 2019, the Appeals Council denied Mr. Norton's request to review the ALJ's decision and consider the additional evidence. The Appeals Council determined that one of the medical records was not material to Mr. Norton's application, and that the remaining eight were not chronologically relevant because they did not relate to the period at issue (i.e., July 22, 2015 to May 23, 2018). Only two of those medical records are at issue in this appeal—records from a September 12, 2018, evaluation

---

[1] We assume the parties' familiarity with the record, and thus set out only what is necessary to explain our decision.

at Cora Physical Therapy and from a December 20, 2018, evaluation at Florida Orthopedic Institute. The Appeals Council found that both those records were not chronologically relevant.

After the Appeals Council's denial, Mr. Norton filed a second application for benefits. On December 23, 2019, the Social Security Administration issued a notice of award in which it found Mr. Norton disabled as of May 24, 2018—the day following the last day of the period considered by the ALJ (i.e., May 23, 2018).

Additionally, Mr. Norton sought review of the Appeals Council's denial in the district court. He filed a civil action and moved the court for remand under sentence six of 42 U.S.C. § 405(g). The district court affirmed the Appeals Council's decision and denied Mr. Norton's motion for remand.

## II

Generally, a claimant can present evidence at each stage of the administrative review process. *See Hargress v. Soc. Sec. Administration, Commr*., 883 F.3d 1302, 1308 (11th Cir. 2018). "If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant." *Id.* at 1309. We review the Appeals Council's refusal to consider new evidence de novo. *See Washington v. Soc. Sec. Admin. Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015).

3

After exhausting administrative remedies, a claimant can seek judicial review of a final decision of the Commissioner. *See* 42 U.S.C. § 405(g). When the Appeals Council denies a request to review an ALJ's decision, both the Appeals Council's denial and the ALJ's decision form part of the "final decision" of the Commissioner. *See Ingram v. Commr. of Soc. Sec. Admin.,* 496 F.3d 1253, 1263–66 (11th Cir. 2007).

Courts can remand Social Security cases to the Commissioner only under sentence four or sentence six of § 405(g). *See Melkonyan v. Sullivan,* 501 U.S. 89, 99–102 (1991). *See also Ingram*, 496 F.3d at 1261. Under sentence six, courts can remand Social Security cases "only upon a showing that there is new evidence which is material." 42 U.S.C. § 405(g). We review de novo a district court's remand determination based on new evidence. *See Vega v. Commr. of Soc. Sec.,* 265 F.3d 1214, 1218 (11th Cir. 2001).

Substantively, we review the Commissioner's final decision to determine whether it is "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commr. of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted). That standard is not high. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In our review, "[w]e may not decide the facts anew, reweigh the evidence,

or substitute our judgment for that of the [Commissioner]." *Winschel*, 631 F.3d at 1178 (internal quotation marks omitted).

### III

On appeal, Mr. Norton argues that the Appeals Council erred in refusing to review the ALJ's decision. He contends that the notice of award "demonstrates a significant likelihood that the new evidence submitted to the Appeals Council was material."[2] Appellant's Br. at 6.

The Commissioner responds that Mr. Norton forfeited any argument based on the notice of award, that the notice of award is not evidence of any error by the Appeals Council, and that the two medical records at issue are not chronologically relevant. We agree with the Commissioner that the notice of award is not evidence of any error by the Appeals Council.[3]

---

[2] Mr. Norton argues that the Appeals Council erred in finding that the two medical records at issue are not material. That is incorrect, as the Appeals Council did not base its decision on the materiality of the two relevant medical records. The Appeals Council found that the two medical records at issue were not chronologically relevant. And the district court affirmed the Appeals Council's finding that those two medical records were not chronologically relevant. Chronological relevance and materiality are distinct criteria by which the Appeals Council determines whether it must consider evidence submitted to it by a claimant after an ALJ's decision. *See Washington*, 806 F.3d at 1321. *See also* 20 C.F.R. § 404.970(a)(5).

[3] Even if the notice of award were evidence, we would be unlikely to consider it, because it is not properly before us. Mr. Norton attached the notice of award to his initial brief by invoking Fed. R. App. P. 32.1(b). But Rule 32.1 addresses the citation of *judicial* dispositions, not agency decisions. *See* Fed. R. App. P. 32.1. That attachment is the first time that Mr. Norton has presented the notice of award itself to any federal court, as opposed to merely referencing it. He did not submit the notice of award to the district court, and, as a general matter, "we do not review materials outside the record on appeal as designated by Fed. R. App. P. 10(a)." *Welding Services, Inc. v. Forman*, 509 F.3d 1351, 1357 (11th Cir. 2007). *See* Fed. R. App. P. 10(a).

Under our precedent, "a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." *Hunter v. Comm'r of Soc. Sec.*, 808 F.3d 818, 822 (11th Cir. 2015) (internal quotation marks omitted). In *Hunter*, the Commissioner had denied the plaintiff's initial benefits application but had approved a second application. *See id.* at 820. The latter decision found the plaintiff disabled as of the day following the last day of the period at issue in the initial application. *See id*. Therefore, the plaintiff argued that the favorable decision constituted new and material evidence that warranted reconsideration of the initial denial. *See id*. at 821. We disagreed, and held that a subsequent decision itself is not evidence for § 405(g) purposes. *See id*. at 822. And because the plaintiff had cited as evidence only the approval, we denied her request for remand. *See id.*

*Hunter* controls here, and dooms Mr. Norton's appeal. Like the plaintiff in *Hunter*, here Mr. Norton relies only a subsequent decision to support his request for remand.[4]

---

[4] While Mr. Norton does not identify the sentence of § 405(g) on which he bases his request for remand, we note that below Mr. Norton filed a motion for remand only under sentence six of § 405(g), in which he made a similar argument regarding the notice of award. We construe Mr. Norton's request for remand as based on sentence six of § 405(g), because that is what it is in substance if not in form.

Mr. Norton does not explain what evidence or reasoning underpins the notice of award's finding that he has been disabled since May 24, 2018—and neither does the notice of award. And Mr. Norton's attempt to distinguish *Hunter* is unconvincing. He argues that the notice of award "is not evidence per se" for § 405(g) purposes, but instead some type of *un-evidence* that should be given "great weight . . . in determining whether the [medical records are] material."[5] Appellant's Br. at 8. That is clever, but does not get him far. Stripped to its essence, Mr. Norton's argument is that the notice of award makes it more likely that the two medical records are material, which, in turn, makes it more likely that the ALJ erred in finding that he was not disabled on May 23, 2018. No matter how it is phrased, that is evidence. *See* Black's Law Dictionary 697 (11th ed. 2019) (defining evidence as "[s]omething . . . that tends to prove or disprove the existence of an alleged fact") But a decision itself cannot be evidence § 405(g) purposes, let alone "new evidence which is material." 42 U.S.C. § 405(g).

No new and material evidence supporting Mr. Norton's request for remand under § 405(g) is before us, so he has not established that remand is warranted.

---

[5] Mr. Norton also relies on the Ninth Circuit's decision in *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010). But in *Hunter* we explicitly rejected the reasoning in *Luna*. *See Hunter*, 808 F.3d at 822 ("[T]he Ninth Circuit[ ] is wrong.").

7

**IV**

Because the notice of award is not itself evidence for § 405(g) purposes, we affirm the district court's order.

**AFFIRMED.**