[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14237
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-24147-MGC

MAURA PROENZA,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 21, 2021)

Before MARTIN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Maura Proenza appeals the district court's order affirming the
Commissioner's denial of her application for a period of disability, disability

insurance benefits, and supplemental security income. First, she argues that the administrative law judge failed to properly weigh the medical opinion evidence in the record. Second, she argues that the ALJ's assessment of her residual functional capacity ("RFC") is not supported by substantial evidence. Third, she argues that the ALJ failed to properly assess her subjective complaints regarding her symptoms. After careful review, we affirm.

## I.

We review the ALJ's application of legal principles *de novo*. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). We ask whether the ALJ's resulting decision "was supported by substantial evidence in the record." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018). Substantial evidence is any relevant evidence, greater than a scintilla, that a reasonable person would accept as adequate to support a conclusion. *Id.* Under this standard, we may affirm the ALJ's decision even if the evidence preponderates against it. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). We will not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

The claimant bears the burden of proving that she is disabled. *Moore*, 405 F.3d at 1211. The ALJ follows a five-step analysis to determine whether a claimant is disabled, asking: (1) whether she is engaged in substantial gainful activity; (2) if

not, whether she has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals the listings in the regulations; (4) if not, whether she can perform her past relevant work in light of her RFC; and (5) if not, whether, based on her age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4); *see also Winschel*, 631 F.3d at 1178. "These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211. The same analysis is used to determine whether a claimant qualifies for a period of disability, DIB, or SSI. *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990).

## II.

Proenza argues that the ALJ failed to properly assess the medical opinion evidence in the record. Specifically, Proenza argues that the ALJ erred by: (1) granting "little weight" to the opinion of Dr. Lermo, her treating physician; (2) granting "some weight" to the opinion of Dr. Rocha, a consultative examiner; and (3) by granting "significant weight" to the opinion of Dr. Giardina, a psychological consultant. We disagree.

The ALJ must "state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179. The ALJ must give a treating physician's opinion substantial or considerable weight unless there is good

cause not to do so. *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019). Good cause exists when (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* We will not second guess the weight given a treating physician's opinion so long as the ALJ articulates a specific justification for it. *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

Here the ALJ identified good cause for giving Dr. Lermo's opinion little weight. To begin, the ALJ found that Dr. Lermo's opinion was not bolstered by the evidence. In her March 2018 assessment, Dr. Lermo checked boxes on the assessment form rating Proenza's ability to do work-related activities as "poor" or "none" in every category. But she left blank all questions asking her to describe the findings that supported her assessment of Proenza's limitations. In her July 2018 assessment, Dr. Lermo again rated Proenza's abilities as "poor" or "none" across-the-board. But she left blank a question asking her to describe the findings supporting her assessment of Proenza's ability to make occupational adjustments.

Next, the ALJ found that Dr. Lermo's opinion was internally inconsistent. In her March 2018 assessment, Dr. Lermo stated that Proenza was capable of managing her benefits in her own best interest, despite rating her ability to make work-related adjustments "poor" or "none" in every category. Furthermore, Dr. Lermo changed

her opinion just a few months later, indicating in her July 2018 assessment that Proenza could not manage her own benefits, though she did not explain why her opinion had changed. Proenza herself had previously informed the agency that she was able to pay bills, count change, and handle a savings account on her computer.

The ALJ also found that Dr. Lermo's opinion was inconsistent with her own medical records. Dr. Lermo conducted mental status examinations of Proenza over a three-year period. After most examinations, Dr. Lermo filled out a mental status report and assigned Proenza a global assessment of functioning score. When her treatment period began in February 2015, Dr. Lermo assigned Proenza a GAF score of 55, indicating an impairment of moderate severity. Dr. Lermo's notes indicated that Proenza had a clean appearance, was eager to find work, and was oriented to person, place, and time. Her notes also indicated that Proenza responded well to medication. The ALJ concluded that these findings were inconsistent with Dr. Lermo's assessment of Proenza's ability to make work-related adjustments as "poor" or "none" in every category.

Finally, the ALJ found that Dr. Lermo's opinion was conclusory insofar as she had opined that Proenza was unable to work. Whether a claimant meets the statutory definition of disabled is an administrative finding, not a medical opinion. The ALJ noted that such a finding is reserved to the Commissioner, not a claimant's

physician. 20 C.F.R. § 404.1527(d)(1); *see also Walker v. Soc. Sec. Admin., Comm'r*, 987 F.3d 1333, 1339 (11th Cir. 2021).

Second, we cannot say the ALJ erred in giving "some weight" to Dr. Rocha's opinion that Proenza's functioning was affected by "motivational issues." The weight given a consulting physician's opinion depends, among other things, on the extent to which it is consistent with other evidence. 20 C.F.R. § 404.1527(c)(4); *see also Crawford*, 363 F.3d at 1158, 1160. Here, the ALJ determined that Dr. Rocha's opinion was entitled to "some weight" for several reasons, including that it (1) was based on his own observation of Proenza; (2) was consistent with his determination that Proenza had a GAF score of 72; and (3) was generally consistent with Dr. Lermo's reports indicating a clean appearance, clear speech, fair motor behavior, orientation in three spheres, fair eye contact, fair motivation, and fair reality testing.

Finally, we cannot say that the ALJ erred in giving "significant weight" to Dr. Giardina's opinion that Proenza suffered moderate limitations on her RFC. Though she is not required to adopt them, the ALJ must consider the opinions of psychological consultants "because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1). The ALJ may rely on opinions of non-examining sources when they do not conflict with those of examining sources. *Edwards v. Sullivan*, 937 F.2d 580, 584–85 (11th Cir. 1991).

Here, the ALJ found that Dr. Giardina's opinion was consistent with other evidence in the record, including Dr. Lermo's clinical notes, Proenza's GAF scores, and Dr. Rocha's determination that Proenza's functioning was affected by motivational issues.

In sum, the ALJ articulated specific reasons for weighing the medical opinion evidence as she did. It is not our task to second guess those determinations, *see Hunter*, 808 F.3d at 823, or to re-weigh the evidence on appeal, *Winschel*, 631 F.3d at 1178. Our inquiry is limited to whether the ALJ gave appropriate reasons for her determination and supported that decision with substantial evidence. Here, the ALJ did so.

## III.

Proenza argues that the ALJ's RFC finding is not supported by substantial evidence in the record. She argues that the ALJ's assessment of her mental impairments was "woefully deficient" and led to the erroneous conclusion that she could perform significant work in the national economy. Again, we disagree.

The RFC is an assessment of a claimant's ability to do work despite her impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also* 20 C.F.R. § 404.1545(a). Mental impairments are evaluated based on how they impact four functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persistence, or maintaining pace; and

(4) adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(3). The mere existence of an impairment does not reveal the extent to which it limits a claimant's ability to work. Nor does it undermine the ALJ's determination that she can work. *Moore*, 405 F.3d at 1213 n.6. The ALJ considers all of the record evidence in determining the claimant's RFC. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).

Proenza's argument fails for two reasons. First, Proenza fails to identify specific evidence in the record supporting greater functional limitations than those identified by the ALJ. Nor has she described what functional limitations were warranted by the record evidence beyond what the ALJ found. For an argument to be sufficiently briefed on appeal, the argument must include the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Proenza's statement that "glaring discrepancies" existed "between the ALJ's assessment of the evidence and what the substantial evidence of record actually reveals," without more, is not enough to preserve this issue for review. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Second, the ALJ's RFC finding was supported by substantial evidence. The ALJ relied on Dr. Lermo's clinical notes which indicated that Proenza had a clean appearance, fair memory, organized thought process, clear quality of speech, good eye contact, cooperative attitude, was oriented to person, place, and time, and that

Proenza responded well to medication. The RFC finding was consistent with the GAF scores assessed by both Drs. Lermo and Rocha, which indicated at most a moderate limitation on functioning. Not only was Proenza able to regularly conduct daily living activities, but she was also able to sustain a part-time job for two years after her alleged onset date. Accordingly, the ALJ's finding that Proenza had no more than moderate limitations in any of the four areas of mental functioning was supported by substantial evidence.

## IV.

Finally, Proenza argues that the ALJ failed to properly assess her subjective complaints regarding her symptoms and limitations. To establish a disability based on testimony of pain and other symptoms, the claimant must show: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged symptoms or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed symptoms. *Wilson v. Barnhart*, 284 F.3d 1219, 1225–26 (11th Cir. 2002); *see also* 20 C.F.R. § 404.1529(a). The ALJ must articulate "explicit and adequate" reasons for discrediting subjective testimony. *Wilson*, 284 F.3d at 1226.

Here, the ALJ did so. The ALJ explained that although "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," Proenza's statements "concerning the intensity, persistence and

limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." To support this finding the ALJ relied on the fact that Proenza had continued to work for several years after her alleged onset date. The ALJ also relied on Dr. Lermo's notes documenting her clean appearance, clear quality of speech, fair motor behavior, orientation in three spheres, fair eye contact, fair motivation, and fair reality testing. The ALJ relied on the fact that the claimant had not been hospitalized over her alleged symptoms, nor had she experienced any negative side effects from her medications. Accordingly, the ALJ's decision to discount Proenza's testimony regarding the limiting effects of her symptoms was supported by substantial evidence.

**AFFIRMED**.