**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11005

Non-Argument Calendar

————————————————

NANCY ARTACHE,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant- Appellee.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-02145-TGW

————————————————

Before LAGOA, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Nancy Artache appeals the district court's order affirming the Commissioner of the Social Security Administration's ("Commissioner") denial of her claim for disability benefits for the period

between June 6, 2016, and July 29, 2020. Specifically, she argues that the Administrative Law Judge ("ALJ") was required to consider a subsequent favorable claim and the evidence in that claim's file. For the reasons discussed below, we affirm.

## I.    FACTUAL AND PROCEDURAL HISTORY

Artache applied for disability benefits in early 2019 and claimed that she was disabled as of June 6, 2016. Artache alleges that she was disabled due to a bulging disc in her back, arthritis in her arms and fingers, high blood pressure, depression, and a stomach issue.

The Social Security Administration denied her application on May 28, 2019. Upon reconsideration, the agency denied her application on July 23, 2019. On July 29, 2020, an ALJ issued a written decision finding that Artache was not disabled from June 6, 2016, through July 29, 2020. The Social Security Appeals Council affirmed the ALJ's decision. On December 21, 2020, Artache filed a complaint for judicial review of the Commissioner's decision in the United States District Court for the Middle District of Florida.

On December 22, 2020, and pending judicial review of her original claim, Artache filed a subsequent claim for disability benefits. Based on this application, the Social Security Administration determined that Artache was disabled as of July 30, 2020—one day after the period for which the ALJ denied Artache's original claim.

In January 2022, upon an unopposed motion to remand for further consideration of the evidence, the District Court for the Middle District of Florida remanded Artache's original claim to the

Commissioner. The Social Security Appeals Council vacated the ALJ's decision on the claim and remanded it for reconsideration of the evidence. At the hearing on remand, Artache did not provide additional evidence to support her claim. After reviewing the same evidence as the original record, the ALJ issued a written decision, once again concluding that Artache was not disabled from June 6, 2016, through July 29, 2020. The Social Security Appeals Council declined to exercise jurisdiction over the case. Thus, the ALJ's decision is the final decision of the Commissioner.[1]

On September 22, 2023, Artache returned to federal court and filed a complaint for judicial review of the Commissioner's final decision arguing that the ALJ erred in denying her claim without considering the decision and records from her subsequent claim.

The district court affirmed the Commissioner's decision and determined that the ALJ did not have a duty to obtain additional medical evidence not presented and that a subsequent favorable decision does not undermine the validity of a previous unfavorable decision or the facts upon which it was based.

Artache filed the present appeal.

## II. STANDARD OF REVIEW

We review *de novo* the Commissioner's legal conclusions and the district court's decision about whether the Commissioner's

---

[1] *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

decision is supported by substantial evidence. *Walker v. Soc. Sec. Admin., Comm'r*, 987 F.3d 1333, 1338 (11th Cir. 2021).

### III.    ANALYSIS

On appeal, Artache argues that the ALJ was required to consider medical records and opinion evidence from her subsequent claim file, wherein she was determined to be disabled starting July 30, 2020, one day after the ALJ's decision on her original claim. Artache also contends that her claim should be remanded to the Commissioner for the ALJ to consider this evidence.

We will remand a Social Security appeal only for the reasons found in the fourth and sixth sentences of 42 U.S.C. § 405(g). *Jackson v. Chater*, 99 F.3d 1086, 1091-92 (11th Cir. 1996); *see* 42 U.S.C. § 1383(c)(3) (applying § 405(g) judicial review to denial of Social Security claims). To remand under sentence four, we "must either find that the [ALJ's] decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson*, 99 F.3d at 1092; 42 U.S.C. § 405(g). Under sentence six, "[we] may … remand the case to the Commissioner … for further action … only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding," which the Commissioner must then consider on remand. 42 U.S.C. § 405(g). Thus, in order to be entitled to a sentence-six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable

possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (citation modified).

As an initial matter, remand under sentence four of 42 U.S.C. § 405(g) is unavailable because Artache does not argue that the ALJ's decision is not supported by substantial evidence; indeed, she does not challenge any specific ALJ finding. We thus can remand only to the Commissioner under sentence six of 42 U.S.C. § 405(g). *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (holding that arguments not briefed are abandoned).

As to remand under sentence six of 42 U.S.C. § 405(g), Artache fares no better. For the first prong of sentence-six remand, Artache argues that a finding of disability on a subsequent claim with an onset date one day after a decision on an original claim is a *per se* reason to remand the denial of the original claim.

But Artache's argument contradicts our Circuit precedent. In *Hunter v. Soc. Sec. Admin.*, we held that a subsequent determination that the claimant was entitled to Social Security benefits for a later period was not itself new and material evidence that warrants remand of a prior denial of such benefits. 808 F.3d 818, 822 (11th Cir. 2015). Rejecting a Ninth Circuit case holding the contrary, we held that a subsequent ALJ decision is not relevant evidence to whether substantial evidence supported an earlier ALJ decision. *Id*. We thus concluded that the existence of a subsequent favorable

decision does not undermine the validity of another ALJ's earlier decision or the factual findings upon which the ALJ relied. *Id*. Since the claimant in *Hunter* relied only on a subsequent favorable ALJ decision—concluding he was disabled with an onset one day after an earlier ALJ found he was not—as purported new evidence warranting a remand, we declined to remand the claim for further consideration. *Id*.; *see id*. at 820, 823.

Here, Artache's reliance on her subsequent claim to support remand of her original claim is misplaced. As we held in *Hunter*, the mere existence of Artache's subsequent and favorable claim, despite the temporal proximity to the original determination, is not new evidence that warrants remand. Though Artache argues that it is not the subsequent decision but the evidence in the subsequent file that is new, she did not object to the evidence before the ALJ at the hearing, nor did she provide any additional evidence of what the subsequent file contained. As such, Artache has not established that there is new, non-cumulative evidence.

For the second prong of sentence-six remand, Artache argues that because the ALJ was aware that a favorable decision was made in the second claim, and that there were purportedly opinions from other doctors in the subsequent claim file, the ALJ was obligated to consider them.

But Artache does not argue or provide any evidence to show that the contents of the subsequent claim file are material to the ALJ's decision regarding the period between June 16, 2016, and July 29, 2020. Instead, the contents of the subsequent claim file

presumably would relate to the subsequent claim—a claim of disability with an onset date of July 30, 2020. Because we review the ALJ's decision as to whether a claimant was entitled to benefits for the period before the ALJ's decision, newly presented evidence will be irrelevant unless it applies to that same period. *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).

For the third prong of sentence-six remand, Artache argues that the records from her subsequent claim were in the exclusive possession of the Commissioner, meaning that the ALJ should have considered them, and that she was not obligated to produce them.

But Artache fails to mention that the regulations explicitly entitle claimants to obtain any of their records from the Social Security Administration. *See* 20 C.F.R. §§ 401.35-401.55. In addition, Artache never asserts that she tried, but failed, to obtain the pertinent records. Artache, thus, has no reasonable excuse for failing to provide the allegedly pertinent records at the administrative level.

## IV. CONCLUSION

For the reasons discussed, we conclude that the district court did not err when it affirmed the Commissioner's denial of Artache's claim for disability benefits.

**AFFIRMED**.